UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
In re:

**GEORGE S. WAFER a/k/a  G. SCOTT WAFER a/k/a SCOTT WAFER**

Chapter 7

Case No.: 816-75761 ast

Debtor.
-------------------------------------------------------x

## NOTICE OF PRESENTMENT

**PLEASE TAKE NOTICE,** that on September 27, 2017, upon the Motion of R. Kenneth Barnard, Esq. as Chapter 7 Trustee (the "Trustee") of the Estate of George Wafer (the "Debtor"), to Compromise and Settle the Estate's Claim in and to an adversarial proceeding in the 19th Judicial Circuit Court, Martin County, Florida, initially captioned "In re Estate of George Joseph Wafer, Jr., Florida Circuit Court Case No. 2015-CP-000229", contesting the Probate of the Last Will and Testament of George Joseph Wafer, Jr. (the "Florida Lawsuit") and an action in the Supreme Court of the State of New York, Suffolk County, captioned  G. Scott Wafer, Ryan J. Wafer v. Marian Wafer, Steven Lansky, and Vehicle Manufacturers Inc., d/b/a Vehicle Manufacturers Services Index No. 608950/2016, seeking money damages for, inter alia, libel and "prima facia tort" (the "Defamation Action")  upon the Terms Set Forth in the "Stipulation Between the Debtor and the Trustee Concerning the Liquidation of the Estate's Claims in and to the Probate Estate of George Joseph Wafer, Jr., Deceased, and its Claims in a Pending Lawsuit Against Marian Wafer, Steven Lansky, and Vehicle Manufacturers Inc." dated August 30, 2017, the Trustee will present the annexed Order to Judge Alan S. Trust, for signature, and

**PLEASE TAKE FURTHER NOTICE,** that objections, if any, to the proposed Order, shall be made in writing, filed with the Court as follows: (a)(i) through the Bankruptcy Court's electronic filing system (in accordance with General Order No. 559) which may be accessed through the

Internet at the Court's website at www.nyeb.uscourts.gov, using Netscape Navigator software version 3.0 or higher, and (ii) in portable document format (PDF) using Adobe Exchange software for conversion; or (b) if a party is unable to file electronically, such party shall submit the objection in PDF format on a diskette in an envelope with the case name, case number, type and title of document, document number of the document to which the objection refers, and the file name on the outside of the envelope; or (c) if a party is unable to file electronically or use PDF format, such party shall submit the objection on a diskette in either Word, WordPerfect, or DOS text (ASCII) format. An objection filed by a party with no legal representation shall comply with section (b) or (c) as set forth in this paragraph. A hard copy of the objection, whether filed pursuant to section (a), (b) or (c), as set forth in this paragraph, shall be served upon the Debtor's counsel, The Law Offices of R. Kenneth Barnard, 3305 Jerusalem Avenue, Suite 215, Wantagh, New York 11793, the Office of the United States Trustee, Long Island Federal Courthouse, 560 Federal Plaza, Central Islip, New York 11722, and filed with the Clerk of the Bankruptcy Court, with a copy to Chambers, so as to be received no later than seven days prior to the scheduled presentment of the Order; and

**PLEASE BE ADVISED that if an objection is timely filed to the relief requested, or if the Court determines that a hearing is appropriate, the Court will schedule a hearing. Notice of such hearing will be provided by the movant.**

Dated: Wantagh, New York
August 30, 2017

**LAW OFFICES OF
R. KENNETH BARNARD**
Attorneys for the Trustee

By:   *s/ R. Kenneth Barnard*
R. Kenneth Barnard
3305 Jerusalem Avenue
Suite 215
Wantagh, New York 11793
(516) 809-9397

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
In re:

                                                                           Chapter 7

**GEORGE S. WAFER a/k/a  G. SCOTT**
**WAFER a/k/a SCOTT WAFER**

                                                           Case No.: 816-75761 ast

                Debtor.
-------------------------------------------------------x

**MOTION OF THE TRUSTEE TO COMPROMISE AND SETTLE THE ESTATE'S CLAIM IN AND TO THE DEBTORS LAWSUITS UPON THE TERMS SET FORTH IN THE "STIPULATION BETWEEN THE DEBTOR AND THE TRUSTEE CONCERNING THE LIQUIDATION OF THE ESTATE'S CLAIMS IN AND TO THE PROBATE ESTATE OF GEORGE JOSEPH WAFER, JR., DECEASED, AND ITS CLAIMS IN A PENDING LAWSUIT AGAINST MARIAN WAFER, STEVEN LANSKY, AND VEHICLE MANUFACTURERS INC." DATED 8/30/17**

       R. Kenneth Barnard, Esq., the Chapter 7 Trustee (the "Trustee") of the Estate of the above captioned Debtor (the "Debtor"), hereby seeks the entry of an order, pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure, authorizing the Trustee to compromise and settle the Estate's claim in and to certain Lawsuits more fully describer hereinafter, upon the terms set forth in the "Stipulation Between the Debtor and the Trustee Concerning the Liquidation of the Estate's Claims in and to the Probate Estate of George Joseph Wafer, Jr., Deceased, and its Claims in a Pending Lawsuit Against Marian Wafer, Steven Lansky, and Vehicle Manufacturers Inc.**"** dated 8/30/17 (the "Stipulation"), and such other and further relief as the Court deems just and proper.

**BACKGROUND**

1.     On 12/09/16 (the "Filing Date"), the Debtor  filed a voluntary Petition for relief pursuant to Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code"). Thereupon, by Notice of Appointment, R. Kenneth Barnard, Esq., was appointed

Chapter 7 Trustee of the estate (the "Trustee") and has since duly qualified, and has served as the permanent Trustee in this case.

2. In July 2015, the Debtor commenced an adversarial proceeding in the 19th Judicial Circuit Court, Martin County, Florida, initially captioned "In re Estate of George Joseph Wafer, Jr., Florida Circuit Court Case No. 2015-CP-000229", contesting the Probate of the Last Will and Testament of George Joseph Wafer, Jr. (the "Florida Lawsuit").

3. The Florida Lawsuit constitutes property of the Bankruptcy Estate, as that phrase is defined in §541(a)(1) of the Bankruptcy Code.

4. On July 13, 2016, the Debtor and Ryan J Wafer commenced an action in the Supreme Court of the State of New York, Suffolk County, captioned G. Scott Wafer, Ryan J. Wafer v. Marian Wafer, Steven Lansky, and Vehicle Manufacturers Inc., d/b/a Vehicle Manufacturers Services Index No. 608950/2016, seeking money damages for, inter alia, libel and "prima facia tort" (the "Defamation Action").

5. The Defendants have interposed an Answer with respect to the Defamation action.

6. The Defamation Action constitutes property of the Bankruptcy Estate, as that phrase is defined in §541(a)(1) of the Bankruptcy Code.

7. The parties desire to resolve the Bankruptcy Estate's interest in the Florida Lawsuit and the Defamation Action (collectively referred to herein as the "Lawsuits").

8. No exemption has been claimed with respect to the Lawsuits.

**THE TRUSTEE'S MOTION**

7. Under the terms of the proposed agreement, the Estate shall be paid the sum of $10,000.00 (the "Settlement Sum") in full satisfaction of its right to pursue the Lawsuits.

8. The Stipulation provides that "[t]he Debtor shall pay to the Estate, as and for the Estate's

right, title and interest in and to the Lawsuits, the total sum $10,000.00 (the "Settlement Sum"), in full, simultaneously with the execution of this agreement. "

9. In addition, the attorneys representing the Debtor with respect to the Lawsuits, have agreed to waive any claim to a lien, or the right to receive compensation or a distribution from any part of the funds to be paid hereunder, or to receive any distribution from the estate or the Settlement Sum.

10. Further, the Debtor has waived and withdrawn any right to receive a distribution of any part of the Settlement Sum on account of any claimed exemption, or to receive any distribution from the estate whatsoever.

11. A copy of the Stipulation is annexed hereto as Exhibit "A". The Court and all interested parties are respectfully referred to the Stipulation for the precise terms thereof.

12. The Trustee believes that the settlement offer is fair and reasonable and should be accepted by this estate and the Stipulation approved by the Court.

## LEGAL AUTHORITY

13. Rule 9019(a) of the Federal Rules of Bankruptcy Procedure (the "Rules"), which governs the approval of compromises and settlements, provides as follows:

> On motion by the Trustee, and after a hearing on notice to creditors, the Debtor and indenture trustees as provided in Rule 2002(a), and to such other entities as the court may designate, the Court may approve a compromise or settlement.

See Rule 9019(a).

14. As stated in Arrow Air, the "approval of [a] proposed compromise and settlement is a matter of this Court's sound discretion". Arrow Air, 85 B.R. 886, 891; See also MGRSST, Ltd. v. Menotte (In re Air Safety Int'l, L.C.), 336 B.R. 843 (S.D. Fla. 2005). In passing upon a proposed settlement, "the bankruptcy court does not substitute its judgment for that

of the Trustee [or debtor in possession]". Depo, 77 B.R. at 384 (citations omitted). Nor is the bankruptcy court "to decide the numerous questions of law and fact raised by [objectors] but rather to canvass the issues and see whether the settlement fall [s] below the lowest point in the range of reasonableness." Cosoff v. Rodman (In re W.T. Grant Co.), 699 F.2d 599, 608 (2d Cir.), cert denied, 464 U.S. 822 (1983) (quoting Newman v. Stein, 464 F.2d 689, 693 (2d Cir.), cert denied, 409 U.S. 1039 (1972). See Holywell 93 B.R. at 294. ("In order to exercise this discretion properly, the Court must consider all the relevant facts and evaluate whether the compromise suggested falls below the 'lowest point in the range of reasonableness'") (quoting In re Teltronics Services, Inc., 762 F.2d. 185, 189 (2d Cir. 1985). In passing upon the reasonableness of a proposed compromise, the Court "may give weight to the opinions of the Trustee [or debtor in possession], the parties and their counsel." Bell & Beckwith, 77 B.R. at 512.

15. In light of the benefits associated with the settlement, the Trustee believes that the instant settlement, is fair and reasonable and in the best interests of the estate. Accordingly, and based on the foregoing, the Trustee respectfully requests that the Court approve the compromise.

16. It is respectfully requested that the obligation to prepare and file an accompanying memorandum of law pursuant to the Local Bankruptcy Rules be dispensed with and waived at this time because there are no novel issues of law to be otherwise addressed and the relevant case law under Rule 9019 was generally briefed within the body of the Motion.

17. Based upon the foregoing, the Trustee respectfully requests that the Court grant the relief requested herein.

18. No prior application for the relief sought herein has been made to this or any other Court.

**WHEREFORE**, the Trustee respectfully requests an Order authorizing the Trustee to compromise and/or settle the claims of the estate in and to the Lawsuits, upon the terms and conditions set forth in the Stipulation; and granting the Trustee such other and further relief as to the Court may seem just and proper.

Dated: Wantagh, New York
      8/30/17

                              **LAW OFFICES OF**
                              **R. KENNETH BARNARD**
                              Attorneys for the Trustee

                     By:    *s/ R. Kenneth Barnard*
                              R. Kenneth Barnard
                              3305 Jerusalem Avenue
                              Suite 215
                              Wantagh, New York 11793
                              (516) 809-9397

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
In re:

Chapter 7

**GEORGE S. WAFER a/k/a  G. SCOTT WAFER a/k/a SCOTT WAFER**

Case No.: 816-75761 ast

Debtor.
-------------------------------------------------------x

**ORDER AUTHORIZING THE TRUSTEE TO COMPROMISE AND SETTLE THE ESTATE'S CLAIM IN AND TO CERTAIN LAWSUITS UPON THE TERMS SET FORTH IN THE "STIPULATION BETWEEN THE DEBTOR AND THE TRUSTEE CONCERNING THE LIQUIDATION OF THE ESTATE'S CLAIMS IN AND TO THE PROBATE ESTATE OF GEORGE JOSEPH WAFER, JR., DECEASED, AND ITS CLAIMS IN A PENDING LAWSUIT AGAINST MARIAN WAFER, STEVEN LANSKY, AND VEHICLE MANUFACTURERS INC.", DATED 8/30/17**

**UPON** the Motion of R. Kenneth Barnard, Esq., as Trustee for the estate of the above captioned Debtor, seeking the entry of an Order, pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure, authorizing the Trustee  to Compromise and Settle the Estate's Claim in and to the Debtor's Lawsuits upon the Terms Set Forth in the "Stipulation Between the Debtor and the Trustee Concerning the Liquidation of the Estate's Claims in and to the Probate Estate of George Joseph Wafer, Jr., Deceased, and its Claims in a Pending Lawsuit Against Marian Wafer, Steven Lansky, and Vehicle Manufacturers Inc." dated August 30, 2017 (the "Stipulation"), and granting the Trustee such other, further and different relief as the Court deems just and proper; and the parties-in-interest having been provided with the opportunity for a hearing on the Motion; and, no opposition to the relief requested having been filed; and, the Court having found that: (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (ii) venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409,

(iii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), (iv) notice of the Motion was sufficient and no additional notice of or a hearing on the Motion is required under the circumstances, (v) the relief sought in the Motion is in the best interests of the estate, the creditors and other parties in interest and is supported by good business reasons in accordance with Bankruptcy Rule 9019 and (vi) the Stipulation was negotiated at arms' length and in good faith; and the Court having reviewed the Motion and having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; now, therefore,

**IT IS HEREBY ORDERED THAT**:

1. The Motion is granted to the extent provided herein.

2. Pursuant to Bankruptcy Rule 9019 the Stipulation of Settlement, and all of its terms and conditions, are approved.

3. The Trustee is authorized to take any and all actions reasonably necessary to consummate the Stipulation of Settlement and perform any and all obligations contemplated therein.

4. The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

# EXHIBIT "A"

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
In re:

                                                             Chapter 7

**GEORGE S. WAFER a/k/a  G. SCOTT WAFER a/k/a SCOTT WAFER**

                                                Case No.: 816-75761 ast

                      Debtor.
-----------------------------------------------------x

### STIPULATION BETWEEN THE DEBTOR AND THE TRUSTEE CONCERNING THE LIQUIDATION OF THE ESTATE'S CLAIMS IN AND TO THE PROBATE ESTATE OF GEORGE JOSEPH WAFER, JR., DECEASED, AND ITS CLAIMS IN A PENDING LAWSUIT AGAINST MARIAN WAFER, STEVEN LANSKY, AND VEHICLE MANUFACTURERS INC.

This stipulation (the "Stipulation") is made by and between George S. Wafer (the "Debtor") and R. Kenneth Barnard, Esq., as Trustee (the "Trustee") for the estate of George S. Wafer.  All the parties together are referred to in this Stipulation as the "Parties".

### **RECITALS**

**WHEREAS**, on December 9, 2016, George S. Wafer a/k/a G. Scott Wafer a/k/a Scott Wafer (the "Debtor"), filed a voluntary Petition seeking relief from his creditors pursuant to Chapter 7 of the United States Code, §101 et. seq. (the "Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of New York (the ("Bankruptcy Court"); and

**WHEREAS**, on December 9, 2016, R. Kenneth Barnard, Esq. was appointed Trustee of the Bankruptcy Estate of George Scott Wafer (the "Trustee"); and

**WHEREAS**, in July 2015, the Debtor commenced an adversarial proceeding in the 19th Judicial Circuit Court, Martin County, Florida, initially captioned "In re Estate of George Joseph Wafer, Jr., Florida Circuit Court Case No. 2015-CP-000229", contesting the Probate of the Last Will and Testament of George Joseph Wafer, Jr. (the "Florida Lawsuit"); and

**WHEREAS**, the Florida Lawsuit constitutes property of the Bankruptcy Estate, as that phrase is defined in §541(a)(1) of the Bankruptcy Code; and

**WHEREAS**, in July 13, 2016, the Debtor and Ryan J Wafer commenced an action in the Supreme Court of the State of New York, Suffolk County, captioned  G. Scott Wafer, Ryan J.

Wafer v. Marian Wafer, Steven Lansky, and Vehicle Manufacturers Inc., d/b/a Vehicle Manufacturers Services Index No. 608950/2016, seeking money damages for, inter alia, libel and "prima facia tort" (the "Defamation Action"); and

      **WHEREAS**, the Defendants have interposed an Answer with respect to the Defamation action; and

      **WHEREAS**, the Defamation Action constitutes property of the Bankruptcy Estate, as that phrase is defined in §541(a)(1) of the Bankruptcy Code; and

      **WHEREAS**, the parties desire to resolve the Bankruptcy Estate's interest in the Florida Lawsuit and the Defamation Action (collectively referred to herein as the "Lawsuits").

      **NOW THEREFORE, IT IS STIPULATED AND AGREED** by and between the parties as follows:

1. That the Trustee will not pursue the Estate's interest in the Lawsuits, and upon the entry of an order approving the terms of this stipulation, and receipt of all sums due to be paid to the Estate and/or the Trustee hereunder, the Estates interest in the Lawsuits shall be deemed abandoned

2. The Debtor shall pay to the Estate, as and for the Estate's right, title and interest in and to the Lawsuits, the total sum $10,000.00 (the "Settlement Sum"), in full, simultaneously with the execution of this agreement.

3. The Debtor waives and withdraws any right to receive a distribution of any part of the funds to be paid hereunder as or on account of any claimed exemption, or to receive any distribution from the estate whatsoever, and otherwise waive any exemption in and to any part of the Settlement Sum.

4. The attorneys representing the Debtor with respect to the Lawsuits, waive any claim to a lien, or the right to receive compensation or a distribution from any part of the funds to be paid hereunder, or to receive any distribution from the estate or the Settlement Sum.

5. Should the Debtor fail or onit to deliver the Check for the Settlement Sum as provided herein, or should the check issued in payment of the Settlement Sum be dishonored or returned unpaid when presented for payment by the Trustee, this agreement shall be deemed void ab initio, and the Trustee and the Estate shall be restored to all rights which existed prior to the execution of this agreement. In addition, the parties hereto acknowledge and agree that the Settlement Sum is being paid in lieu of, and in replacement of, the turnover of property of the estate. A failure to pay the Settlement Sum in accordance with the terms hereof, by the Debtor shall be equivalent to the Debtor having acquiring property of the estate and "knowingly and fraudulent failed to

. . . deliver or surrender such property to the Trustee", as that phrase is used in 11 U.S.C. §727(d)(2), and shall constitute grounds for the revocation of the Debtor's discharge in bankruptcy in any adversary proceeding commenced by the Trustee thereafter.

6. Acceptance of any partial payment hereunder, shall not be deemed a waiver of any default. This stipulations shall not prejudice or otherwise impact the rights of the Trustee or the estate with respect to any claim, cause of action or property of the estate, other than the Lawsuits.

7. Any notice to be given to the Debtor hereunder, shall be deemed sufficient if sent by regular mail, addressed to: George S. Wafer, 4 Bowen Place, Stony Brook, NY 11790

8. The parties hereto release, discharge, and waive any and all claims against Estate and the Trustee, and their respective agents, attorneys, employees, as well as any and all claims, proofs of claim, claims for relief, demands, costs, expenses, damages, liabilities, and obligations of any nature.

9. This Agreement may be executed in one or more counterparts, each of which is deemed an original, together constituting one and the same document.

10. Facsimile signatures and signatures in portable document format (.pdf) are deemed originals for the purposes of this Agreement.

11. The persons executing this Agreement warrant and represent that he is authorized and empowered to execute and deliver this Agreement on behalf of such party.

12. This Agreement may not be altered, modified, or changed unless in writing, signed by the Parties (or their counsel), and subject to appropriate order of the Bankruptcy Court.

13. The Bankruptcy Court shall retain exclusive jurisdiction over the subject matter of this Agreement including, but not limited to, its enforcement, and the implementation and interpretation of its terms and conditions. The Parties knowingly, voluntarily and irrevocably consent to the exclusive jurisdiction of the Court to enter a final judgment arising from any dispute concerning, or the enforcement of, the terms and provisions of this Stipulation.

14. This Agreement shall be governed by the laws of the State of New York, except with respect to matters as to which federal law is applicable without regard to any conflicts of law principles.

15. This Agreement shall not be construed against the party preparing it, but shall be construed as if every party jointly prepared it and any uncertainty or ambiguity shall not

be interpreted against any party.

Dated:  8/30/17

**GEORGE WAFER,** Debtor

*/s/ George Wafer*

**RONALD D WEISS, ESQ**
**Attorney for the Debtor**

By: */s/ Ronald Weiss*
734 Walt Whitman Rd, Suite 20
Mellville, NY 11747

**WILLIAM A. FLECK, ESQ.**
**JUPITER LEGAL ADVOCATES**

By: */s/ William A. Fleck*
6650 Indiantown Road, Suite 200
Jupiter, FL  33458

**MICHAEL C. DELISA, ESQ.**
**DELISA LAW GROUP, PLLC**

By: */s/ Michael C DeLisa*
630 Johnson Ave., Suite 006
Bohemia, NY 11716

**R. KENNETH BARNARD, ESQ**.
Trustee for the Estate of George Scott Wafer

By: */s/ R. Kenneth Barnard*
3305 Jerusalem Avenue, Suite 215
Wantagh, NY 11793